**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
LU WAN,
*on his own behalf and on behalf of others similarly situated*           Case No. 18-cv-10334

                         Plaintiff,

                 v.

YWL USA INC
     d/b/a Buddha Asian Bistro Sushi Hibachi Steak
     House *et al.*

                        Defendants.
-------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ATTORNEYS' FEES AND COSTS**


TROY LAW, PLLC
*Attorneys for the Plaintiff*

/s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)

## CONTENTS

**AUTHORITIES** ............................................................................................................................... ii

**ARGUMENT** ................................................................................................................................... 1

    **I.**    **Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates** ................................................................................................ 2

        **a.**    The Hours Spent on this Matter are Reasonable ......................................................... 3

        **b.**    **The Hourly Rates Sought are Reasonable** ................................................................. 4

    **II.**    **Plaintiff Seeks Compensable Costs** ................................................................................ 6

**CONLCUSION** ................................................................................................................................ 7

# AUTHORITIES

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) .................................... 2, 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008)........................................................................................ 2, 4

*Black v. Nunwood, Inc.*, No. 13-cv-07207 (GHW), 2015 U.S. Dist. LEXIS 56609 (S.D.N.Y. Apr. 30, 2015) ................................................................................................................................. 1, 3

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................................. 4

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ............................................................................ 2

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ............................................................................................................ 7

*Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251 (S.D.N.Y. 2001) ....................................... 2

*Disla v. Signature Cleaning Servs.*, No. 18-cv-08319 (AT), 2019 U.S. Dist. LEXIS (S.D.N.Y. June 11, 2019) ........................................................................................................................... 5

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) .............................................................................. 3

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992) .............................................................................. 3

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2 (S.D.N.Y. Mar. 27, 2002) ........................................................................................................... 3

*Hu v.226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 U.S. Dist. LEXIS 188650 (S.D.N.Y. Oct. 7, 2020) ............................................................................................................. 6

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 7

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998) ........................................................ 6

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ........................................................................................................................... 7

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................. 7

*Mu v. Han Dynasty Nyu Corp.*, No. 17-cv-07065 (AT), 2018 U.S. Dist. LEXIS 181110 (S.D.N.Y. Oct. 17, 2018) ........................................................................................................... 5

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984).......................................................... 3

*Pastor v. ABC Metro Cleaners, Inc.*, No. 18-cv-06089 (AT), 2018 U.S. Dist. LEXIS 210589 (S.D.N.Y. Dec. 12, 2018) .................................................................................................... 5

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ................................................................................... 4

*Rosales v. Gerasimos Enters.*, No. 16-cv-02278 (RA), 2018 U.S. Dist. LEXIS 1230 (S.D.N.Y. Jan. 3, 2018) ............................................................................................................. 5

*Sajvin v. Singh Farm Corp.*, No. 17-cv-04032, 2018 U.S. Dist. LEXIS 137485 (E.D.N.Y. Aug. 13, 2018) ................................................................................................................. 5

*Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL), unreported (S.D.N.Y. Feb. 19, 2019) ................................................................................................................... 6

*Tackie v. Keff Enters. LLC*, No. 14-cv-02074 (JPO), 2014 U.S. Dist. LEXIS 130148 (S.D.N.Y. Sep. 16, 2014) ........................................................................................................... 2

*Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651 (S.D.N.Y. 2019) .............................................. 5

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM), 2019 U.S. Dist. LEXIS 205435 (D.N.J. Nov. 26, 2019) ................................................................. 6

*Zhang v. New Beijing Wok*, No. 17-cv-09465 (VEC), unreported (S.D.N.Y. Mar. 3, 2020) ......... 6

**Statutes**

29 U.S.C. § 216(b) ........................................................................................................................ 1

N.Y. C.L.S. Labor § 198(1-a) ....................................................................................................... 1

N.Y. C.L.S. Labor § 633(1) .......................................................................................................... 1

## ARGUMENT

By virtue of the offer of judgment proffered by Defendants YWL d/b/a Buddha Asian Bistro Sushi Hibachi Steak House and AI QIN CHEN, which proposed an offer of judgment of fifteen thousand dollars ($15,000.00), "together with such costs, expenses and other fees incurred by Plaintiff to prosecute this action against Defendants to the date of the offer as the Court may deem reasonable upon Plaintiff's motion pursuant to Rule 54 of the Federal Rules of Civil Procedure", Plaintiff brings his Attorney Fee Application for an adjudication of reasonable attorneys' fees.

There is no dispute that Defendants are jointly and severally liable for offer of judgment amount proffered, and that Defendant conceded that Plaintiff is entitled to reasonable attorneys' fees. This is consistent with the prevailing Plaintiff standard for violations of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"). Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…." and "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b) Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"). Further, the Southern District has previously recognized that FLSA plaintiffs accepting offers of judgment are prevailing parties. *See*, *e.g.*, *Black v. Nunwood, Inc.*, No. 13-cv-07207 (GHW), 2015 U.S. Dist. LEXIS 56609, at *22 (S.D.N.Y. Apr. 30, 2015)

1

("Through the offer of judgment, [plaintiff] prevailed on all of the causes of action asserted in the complaint."). Thus, for purposes of the Attorney Fee Application, Plaintiff is a prevailing party entitled to recover attorneys' fees and costs under the FLSA and NYLL.

### I. Plaintiff's Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enters. LLC*, No. 14-cv-02074 (JPO), 2014 U.S. Dist. LEXIS 130148, at *14–15 (S.D.N.Y. Sep. 16, 2014). The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). "The party requesting a departure from the lodestar has the burden of establishing the propriety of such departure in the calculation of a reasonable fee." *Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 263 (S.D.N.Y. 2001).

As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v.*

2

*Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

### a. The Hours Spent on this Matter are Reasonable

Plaintiff may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, the Plaintiff seeks fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992). The time devoted to this action by Plaintiff's counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984).

Here, this case has undergone substantial litigation. Specifically, at the time Defendants presented their latest offer of judgment, substantial discovery has been conducted, including the paper and examinations before trial have been conducted, and after the successful certification of a FLSA class, the name list of which was never provided by Defendants. This delay is largely due to Defendants' intransigence about not settling for an amount that would cover Plaintiff's damages and his attorneys' reasonable fees from the outset. *See*, *e.g.*, May 13, 2019 interview with client (Plaintiff's position was that her damages and attorneys' fees should be covered); *c.f.* outcome (Plaintiff's available damages, liquidated damages, penalties, and prejudgment interest—but not attorney fees and costs—going into trial were around $13,000; Plaintiff accepted offer of judgment for $15,000.00 plus reasonable fees and costs); *see also Black*, 2015 U.S. Dist. LEXIS 56609, at *21–22 ("The defendants claim that plaintiff's award of $30,000 was only 'nuisance value' to

them, which they seem to believe is a proper measure of plaintiff's success. The Court declines to accept this as a measure of anything other than that perhaps defendants should have been willing to make such an offer sooner—if it is indeed so insignificant to them—and thus resolve this case more efficiently. Although plaintiff initially sought more money than she received, this is not uncommon. Through the offer of judgment, [plaintiff] prevailed on all of the causes of action asserted in the complaint; plaintiff's fees award will not be reduced for lack of success merely because the Defendants characterize the amount of her recovery as modest."). This intransigence led to the drawing-out of discovery. Further, Plaintiff was largely successful in those motions it made, largely in connection with conditional collective certification, which motion practice itself was drawn out by Defendants' refusal to stipulate and noncompliance with Court orders. *See* Elec. Order Aug. 30, 2019 (partially granting conditional collective certification); Dkt. Nos. 66 (granting motion to compel production of collective list), 68 (granting posting of notice). The fact that no one ultimately opted in following facilitation of notice is immaterial to a determination of a collective certification motion's success; what matters is the degree to which the movant was able to convince the Court. With respect to the one motion Plaintiff opposed, that opposition was partially successful. *See* Elec. Order Aug. 30, 2019 (partially denying motion to dismiss). Accordingly, Plaintiff's attorneys' hours billed are reasonable.

### b. The Hourly Rates Sought are Reasonable

A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The prevailing market rates

4

for attorneys in the Southern District is found in several recent decisions that review other court filings. *See e.g.*, *Disla v. Signature Cleaning Servs.*, No. 18-cv-08319 (AT), 2019 U.S. Dist. LEXIS at *5 (S.D.N.Y. June 11, 2019) (lead counsel and partner awarded $650.00 per hour; senior counsel awarded $550.00 per hour; fourth-year associate awarded $350.00 per hour; paralegal awarded $125.00 per hour; the Court characterized these awards as "on the high side," but in doing so it referred to reviews of cases from 2015 and 2017) (*c.f.*, *Sajvin v. Singh Farm Corp.*, No. 17-cv-04032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug. 13, 2018) ("The passage of time warrants an increase in attorney's fees;" allowing English-speaking only partner with 128 cases in the Eastern District of New York an hourly fee of $500 and an associate with only fifty wage and hour cases in total an hourly fee of $250)); *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 658 (S.D.N.Y. 2019) (awarding partner experienced in practicing wage-and-hour law $600.00 per hour; awarding junior partner with four years' experience in wage-and-hour law $350.00 per hour; awarding junior associate with two years' experience in wage-and-hour law $275.00); *Mu v. Han Dynasty Nyu Corp.*, No. 17-cv-07065 (AT), 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325.00 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, No. 18-cv-06089 (AT), 2018 U.S. Dist. LEXIS 210589, at *5–6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400.00 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters.*, No. 16-cv-02278 (RA), 2018 U.S. Dist. LEXIS 1230, at *5 (S.D.N.Y. Jan. 3, 2018); *see also Disla*, 2019 U.S. Dist. LEXIS, at *5.

Accordingly, as described in detail in the Declaration of John Troy, Plaintiff's attorneys request hourly rates that are on par with rates that are recently given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy ($550.00), Managing Associate Aaron Schweitzer ($350.00), Associate Leanghour Lim ($250.00), Office Manager Preethi Kilaru ($200.00) and translator Tiffany Troy ($150.00).

Mr. Troy has previously been awarded $550.00 per hour in *Hu v.226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 U.S. Dist. LEXIS 188650 (S.D.N.Y. Oct. 7, 2020) (award following default judgment after parties had participated in litigation and discovery) and *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM), 2019 U.S. Dist. LEXIS 205435 (D.N.J. Nov. 26, 2019) (award following default judgment); and $400.00 in *Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL), unreported (S.D.N.Y. Feb. 19, 2019) (award following bench trial) and *Zhang v. New Beijing Wok*, No. 17-cv-09465 (VEC), unreported (S.D.N.Y. Mar. 3, 2020) (award following jury trial).

Mr. Schweitzer was previously awarded $350.00 per hour in *Wild Ginger* and *Chongqing*; and $225.00 per hour in *Fresco Tortillas*, and *New Beijing Wok*.

Ms. Kilaru was previously awarded $200.00 per hour in *Wild Ginger* and $150.00 per hour in *Chongqing*.

Ms. Troy was previously awarded a rate of $150.00 per hour in *Wild Ginger*.

Thus, the hourly rate requested are in line with rates that have been recently awarded to the same attorneys in the same court.

## II. Plaintiff Seeks Compensable Costs

The Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010

U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiff requests reimbursement for the court filing fees as well as expenses incurred for case filing, research, printing and postage costs sending out court-approved notices of pendency, process servers, transcript costs, hiring a Chinese interpreter for deposition. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## **CONLCUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiff's counsels.

Dated: Flushing, New York
November 24, 2020

                         TROY LAW, PLLC
                         *Attorneys for the Plaintiff*
                         /s/ John Troy
                         John Troy (JT0481)
                         Aaron Schweitzer (AS 6369)