UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
LU WAN, *individually and on behalf of other similarly situated*,

                                Plaintiff,

                   v.

YWL USA INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
JWC GROUP INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
MEI LAN INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
FENG HUA INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
251 USA INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
FANG LAN INC.
d/b/a Buddha Asian Bistro Sushi Hibachi Steak House,
AI QIN CHEN,
CHO YI JUEY WONG,
YU WEI LI,
FANG QI LI,
SUK ANG CHEUNG, and
JANE DOE,

                               Defendants,
------------------------------------------------------------------------ x

Case No.: 7:18-cv-10334-CS

**MEMORANDUM OF LAW**

**MEMORANDUM OF LAW IN OPPOSITION OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Law Office of Z. Tan PLLC
Bingchen Li, Esq. (BL4750)
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:    (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Defendants*

## TABLE OF CONTENTS

**TABLE OF AUTHORITY**.................................................................................. **3**
**PRELIMINARY STATEMENTS**..................................................................... **6**
**STATEMENT OF FACTS**................................................................................. **6**
**ARGUMENTS** ..................................................................................................... **8**
**CONCLUSION** ................................................................................................. **18**

## **TABLE OF AUTHORITIES**

**Case Law**

*Kahlil v. Original Old Homestead Rest., Inc.*,
    657 F. Supp. 2d 470 (S.D.N.Y. Sept. 30, 2009) ................................. 8, 9, 12, 14

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*
    489 U.S. 782 (1989) ............................................................................................. 9

*Grant v. Martinez*
    973 F.2d 96 (2d Cir. 1992) .................................................................................... 9

*Blanchard v. Bergeron*
    489 U.S. 87 (1989) ............................................................................................... 9

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ........................................................................................ 9, 14

*City of Burlington v. Dague*
    112 S. Ct. 2638 (1992) .......................................................................................... 9

*Finkel v. Omega Comm'n Svcs., Inc.*
    543 F.Supp.2d 156 (E.D.N.Y. 2008) ............................................................... 9, 10

*New York State Ass'n for Retarded Children, Inc. v. Carey*
    711 F.2d 1136 (2d Cir. 1983) ................................................................................ 9

*Gierlinger v. Gleason*
    160 F.3d 858 (2d Cir.1998) ............................................................................ 9, 10

*Barfield v. N. Y. City Health & Hosps. Corp.*
    537 F.3d 132 (2d Cir. 2008) .......................................................................... 10, 18

*Farrar v. Hobby*
    506 U.S. 103 (1992) ........................................................................................... 10

*Kassim v. City of Schenectady*
    415 F.3d 246 (2d Cir. 2005) ................................................................................ 10

*Pino v. Locascio*
    101 F.3d 235 (2d Cir. 1996) ................................................................................ 10

*Carroll v. Blinken*
    105 F.3d 79 (2d Cir. 1997) .................................................................................. 10

*Lin v. La Vie En Schezuan Rest. Corp.*
  2020 U.S. Dist. LEXIS 63446 (S.D.N.Y. April 9, 2020) .......................... 11, 12, 13

*Shanfa Li v. Chinatown Take-Out Inc.*
  2019 U.S. Dist. LEXIS 132731 (S.D.N.Y. Aug 7, 2019)) ........................ 11, 12, 13

*Haifeng Xie v. Sakura Kai I Inc.*
  2020 U.S. Dist. LEXIS 45734 (E.D.N.Y. March 12, 2020) ........................... 11, 12

*Zhang v. Lin Kumo Japanese Restaurant Inc.*
  2015 U.S. Dist. LEXIS 115608 (E.D.N.Y. August 31, 2015) ............................. 12

*Xin Long Lin v. New Fresca Tortillas, Inc.*
  2019 U.S. Dist. LEXIS 74505 (May 1, 2019) ................................................. 12, 17

*Saunders v. The Salvation Army*
  2007 U.S. Dist. LEXIS 22347 (S.D.N.Y Mar. 27, 2007). .................................... 12

*Hui Luo v. L&S Acupuncture, P.C.*
  2015 U.S. Dist. LEXIS 56236 (E.D.N.Y. April 29, 2015) .................................... 12

*Singh v. A & A Market Plaza, Inc.*
  2019 U.S. Dist. LEXIS 171231 (E.D.N.Y. Sept. 30, 2019)............................. 12, 14

*Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*
  2018 WL 4853041 (E.D.N.Y. Oct. 4, 2018)........................................................... 12

*Suarez Castaneda v. F&R Cleaning Servs. Corp.*
  2019 U.S. Dist. LEXIS 44170 (E.D.N.Y. Mar. 15, 2019).................................... 12

*Quaratino v. Tiffany & Co.*
  166 F.3d 422 (2d Cir. 1999) ................................................................................. 14

*De La Paz v. Rubin & Rothman, LLC*
  2013 U.S. Dist. LEXIS 168093 (S.D.N.Y. Nov. 25, 2013).................................. 14

*Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*
  2007 U.S. Dist. LEXIS 23223 (E.D.N.Y. Jan. 16, 2017) ..................................... 17

*Hogan v. Gen. Elec. Co.*
  144 F.Supp.2d 138, 144 (N.D.N.Y. 2001)...……………………..……………17

**Statutes**

29 U.S.C. § 216(b) ................................................................................................... 7, 8

NYLL §198(1-a) ...................................................................................................... 8, 9

Fed. R. Civ. P. Rule 12(c) ....................................................................................... 8, 11

**PRELIMINARY STATEMENTS**

The defendants, YWL USA INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House (the "Restaurant") and AI QING CHEN ("Chen") (collectively "Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in opposition of Plaintiff's motion for attorneys' fees and costs.

Defendants will demonstrate below that 1) Plaintiff is not a prevailing party against all defendants in this action and therefore he is not entitled to attorneys' fees for his frivolous claims against most of the defendants; 2) the hourly rates that Troy Law seeks are excessive and unwarranted; 3) Troy Law's billing statement is significantly inflated and grossly unreasonable; and 4) Plaintiff's limited success in this action, despite of the offer of judgment, warrants a significant reduction of the attorneys' fees.

Accordingly, Defendants respectfully request that this Court reduce the total attorneys' fees sought by the plaintiff.

**STATEMENT OF FACTS**

On November 6, 2018, the plaintiff commenced this straightforward wage and hour action under FLSA and NYLL by way of a complaint. The plaintiff alleges that he had worked at the Restaurant for a little over five (5) weeks (*See ECF #35-4, Lu Wan Affidavit ("Wan Aff.") ¶¶ 3, 4, and 8 and ECF #1, Complaint ("Compl.") ¶ 55*), but the complaint is completely devoid of any substantive allegation against most of the defendants, namely, JWC GROUP INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, MEI LAN INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, FENG HUA INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, 251 USA INC. d/b/a

Buddha Asian Bistro Sushi Hibachi Steak House, FANG LAN INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, CHO YI JUEY WONG, YU WEI LI, FANG QI LI and SUK ANG CHEUNG.

The defendants waived the service of Summons on November 12, 2018 via email (*See Li Affirmation, ("Li Aff."), ¶ 4 and Exhibit A – Email dated November 12, 2018*) and filed Waiver of Service of Summons forms for all defendants on November 30, 2018 (*See ECF Doc# 6-17*). The defendants subsequently responded by filing an answer with affirmative defenses on January 23, 2019. Then parties participated the mandatory mediation and the plaintiff's counsel was late by more than an hour. Defendants were in good faith, but the mediation was not successful and lasted less than two (2) hours, as opposed to five (5) hours as Troy incorrectly claims in his billing records (*See Li Aff., ¶ 5*).

Defendants made a Rule 68 Offer in Judgment in early May 2019 (*See Li Aff., ¶ 6*). During the in-person conference on May 8, 2019, both this Court and the plaintiff's counsel acknowledged that the defendants' Rule 68 Offer of Judgment was very close to the plaintiff's demand, or potentially could exceed the plaintiff's demand if not for some trivial computation error in the plaintiff's damage calculation (*See Li Aff., ¶ 6*). The plaintiff's counsel did not mention his attorney's fee would be an impediment to any settlement discussion. Yet the plaintiff's counsel attempts to extort $22,500 from Defendants, $7,500 of which as attorney's fee, purportedly as a counteroffer to Defendants' Rule 68 Offer in Judgment (*See Li Aff., ¶ 7*).

Upon Defendants' rejection, the plaintiff immediately filed the 216(b) collective certification motion against all defendants despite that the plaintiff was fully

aware of the deficiency of the complaint. The defendants opposed the said 216(b) motion and filed their own motion to dismiss on pleadings under Fed. R. Civ. P. 12(c). This Court granted in part and denied in part the plaintiff's 216(b) collective certification motion and correctly granted the defendants' motion to dismiss in its entirety.

After the motion practice, Defendants made a second Rule 68 Offer of Judgment in the amount of $12,500, together with interests, penalties and attorneys' fees. Again, the plaintiff did not accept it and said offer expired (*See Li Aff., ¶ 8 and Exhibit B – Offer of Judgment dated October 24, 2019*).

There have been no opt-ins in this action and subsequently the parties engaged in minimal litigation. In January 2020, Defendants appeared for their depositions, but the plaintiff cancelled his deposition at the last minute. Then the world stopped as a result of COVID-19 pandemic.  A further round of settlement conference was not successful in August 2020. Finally, the plaintiff accepted Defendants' third Offer of Judgment in November 2020 and submitted the instant motion for his attorneys' fee and costs.

**ARGUMENTS**

Legal Standard

In an action pursuant to the FLSA, a "prevailing party" must be awarded reasonable attorneys' fees and costs: "The Court in such action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *29 U.S.C. § 216(b)*. Likewise, the NYLL requires that "[i]n any action . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees . . ." NYLL

8

§198(1-a). *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 473 (S.D.N.Y. Sept. 30, 2009). However, "to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between itself and the defendant arising from the resolution of the lawsuit." *Id.* at 474 (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

"Once a district court determines that a party has prevailed, it must calculate what constitutes a reasonable attorney's fee. The lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Under this approach, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." *Grant*, 973 F.2d at 99. "The determination of the amount of the award does not end with the lodestar calculation. Although there is a 'strong presumption' that the lodestar figure represents the 'reasonable' fee," *Id*. at 101 (citing *City of Burlington v. Dague*, 112 S. Ct. 2638, 2641 (1992)), other considerations may lead to an upward or downward departure from the lodestar. *Grant*, 973 F.2d at 101 (citing *Hensley*, 461 U.S. at 434).

"The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F.Supp.2d 156, 164 (E.D.N.Y. 2008) (See *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). "[I]n determining whether an attorney expended a reasonable number of hours, a district court must 'examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case' and '[i]f the court determines that certain

claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation.'" *Finkel*, 543 F.Supp.2d at 164 (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir.1998)).

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. N. Y. City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); accord *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005); and *Pino v. Locascio*, 101 F.3d 235, 237-38 (2d Cir. 1996)). "A district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims." *Barfield*, at 152 (See *Kassim*, at 254). "Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." *Barfield*, at 152 (citing *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)).

Plaintiff is not a prevailing party against most of the Defendants

The plaintiff commenced this action against no less than twelve (12) defendants. However, the complaint is complete devoid of any substantive allegation against ten (10) of those twelve (12) defendants, namely, JWC GROUP INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, MEI LAN INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, FENG HUA INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, 251 USA INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak

House, FANG LAN INC. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, CHO YI JUEY WONG, YU WEI LI, FANG QI LI and SUK ANG CHEUNG.

It was already a questionable practice by the plaintiff to engage in fishing expedition in the complaint without any factual support. Yet they refused to withdraw these borderline frivolous claims and doubled down by filing a meritless opposition to Defendants' Fed. R. Civ. P. 12(c). This Court correctly granted the defendants' 12(c) motion to dismiss in the entirety. Therefore, the plaintiff is not the prevailing party against the defendants, against whom the claims were dismissed. Accordingly, the plaintiff is not entitled to any attorneys' fees for the 12(c) motion to dismiss. In addition, the plaintiff's attorneys' fees should be adjusted downwards by 50% as a result of the dismissal of all claims against ten (10) of twelve (12) initial defendants for the plaintiff's failure to state a claim.

Plaintiff counsels' hourly rates are unreasonable and excessive

"[L]itigators and partners [with Troy's experience] are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York. *Lin v. La Vie En Schezuan Rest. Corp.*, 2020 U.S. Dist. LEXIS 63446 at *7 (S.D.N.Y. April 9, 2020) (citing *Shanfa Li v. Chinatown Take-Out Inc.*, 2019 U.S. Dist. LEXIS 132731 at *6 (S.D.N.Y. Aug 7, 2019)) As a matter of fact, there have been many instances in both the Southern and Eastern District of New York that the Court rejected Troy Law's unreasonable and excessive demand of $550/hour, as well as his junior associates', paralegals' and translator's hefty and unreasonable hourly rates, for their unremarkable work on these run-of-the-mill FLSA wage and hour cases (See e.g. *Haifeng*

11

*Xie v. Sakura Kai I Inc.*, 2020 U.S. Dist. LEXIS 45734 (E.D.N.Y. March 12, 2020), *Zhang v. Lin Kumo Japanese Restaurant Inc.*, 2015 U.S. Dist. LEXIS 115608 (E.D.N.Y. August 31, 2015), and *Xin Long Lin v. New Fresca Tortillas, Inc.*, 2019 U.S. Dist. LEXIS 74505 (May 1, 2019)).

In addition, "[c]ourts in this district have held that fee awards to small firms should be adjusted downwards, because such firms 'do not incur the same overhead costs that burden a large law firm.'" *Kahlil*, 657 F.Supp.2d at 476 (citing *Saunders v. The Salvation Army*, 2007 U.S. Dist. LEXIS 22347, at *3 (S.D.N.Y Mar. 27, 2007)). After all, Mr. Troy is hardly entitled to a $550/hour rate if he is incapable of "formulating questions according to the rules of evidence" *Hui Luo v. L&S Acupuncture, P.C.*, 2015 U.S. Dist. LEXIS 56236 (E.D.N.Y. April 29, 2015) and "Mr. Troy … repeatedly interrupted the Court, was disrespectful, and struggled to pose clear questions." *Shanfa Li*, 2019 U.S. Dist. LEXIS 132731 at *6. Accordingly, we urge this Court deny the plaintiff's request of $550/hour and grant Mr. Troy an hourly rate of $300.

As for Mr. Schweitzer, "courts in this Circuit have generally awarded Schweitzer an hourly rate of $100 or $150, consistent with this status as a relatively junior associate. *Lin*, 2020 U.S. Dist. LEXIS 63446 at *14 (citing *Singh v. A & A Market Plaza, Inc.*, 2019 U.S. Dist. LEXIS 171231, at *9 (E.D.N.Y. Sept. 30, 2019), *Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*, 2018 WL 4853041, at *3 (E.D.N.Y. Oct. 4, 2018), *Suarez Castaneda v. F&R Cleaning Servs. Corp.*, 2019 U.S. Dist. LEXIS 44170, at *15 (E.D.N.Y. Mar. 15, 2019), and *Shanfa Li*, 2019 U.S. Dist. LEXIS 132731 at *6). After all, Mr. Schweitzer was only admitted to New York Bar on May 16, 2018, the same year the plaintiff commenced this action and therefore there should be no dispute that he

12

is a junior associate at all relevant times for the purpose of this action. Accordingly, we urge this Court grant Mr. Schweitzer an hourly rate of $100 due to his recent admission to the bar and lack of experience.

As for Leanghour Lim, who was only admitted into New York Bar on March 18, 2019, it is similarly unreasonable to demand an hourly rate of $250 for her very limited involvement in this action. In light of her lack of experience and administrative nature of all of her work, we urge this Court grant her an hourly rate of $75.

As for other non-attorney professionals, their rates are also unreasonably high. Tiffany Troy, at least at the time of the trial of *Lin*, was still a student who gave some of her time to helping out her family's firm. She testified to having some difficulties with written translations. *Lin*, 2020 U.S. Dist. LEXIS 63446 at *18. Therefore, we urge this Court grant Ms. Troy an hourly rate of $50, due to her lack of experience and competence.

As for Peethi Kilaru, the plaintiff did not articulate her role at Troy Law or her capacity in this action. From the billing statement, we can only gather that Mr. Kilaru's work is administrative in nature. Therefore, we urge this Court grant Ms. Kilaru an hourly rate of $60.

Lastly, it is highly likely that the billing statements provided by the plaintiff is not contemporaneous. As recent as August 2019, Mr. Troy requested an hourly rate of $450/hour for himself and an hourly rate of $250 for Mr. Schweitzer (See *Shanfa Li*, 2019 U.S. Dist. LEXIS 132731). However, Mr. Troy had already billed at an hourly rate of $550 and Mr. Schweitzer had already billed at an hourly rate of $350 in

13

October 2018, according to the billing statement provided in this action. The only reasonable explanation for this suspicious discrepancy is that someone went back to the original billing statement, manually adjusting the hourly rate upwards for everyone before the submission of this motion. This deceptive practice is unethical, to say the least.

<u>Troy Law's Billing Statements are Significantly Inflated and Grossly Unreasonable</u>

"Plaintiffs should receive compensation only for hours that were reasonably expended." <u>Kahlil</u>, 657 F.Supp.2d at 476 (citing <u>Hensley</u>, 461 U.S. at 433). "District courts should exclude fees billed for time that is 'excessive, redundant, or otherwise unnecessary.'" <u>Kahlil</u>, 657 F.Supp.2d at 476 (<u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999)). "Where counsel seeks compensation for time spent completing administration task or work that should have been accomplished by a less-skilled practitioner, 'uniform percentage cutbacks are warranted.'" <u>Singh</u>, U.S. Dist. LEXIS 171231, at *29 (citing <u>De La Paz v. Rubin & Rothman, LLC</u>, 2013 U.S. Dist. LEXIS 168093, at *4 (S.D.N.Y. Nov. 25, 2013)).

Troy Law's bill is significantly inflated and grossly unreasonably for the following reasons:

First of all, the billing is excessive for time spent on pure clerical tasks (See e.g. 2.8 hours billed by Mr. Troy at $550/hour and by Mr. Schweitzer at $350/hour to "create binder," "scan and verify ID," "prepare and sign retainer," "set up the text message, WeChat and Line" on Oct. 1, 2018; 2.05 hours billed by Mr. Troy at $550/hour to research liquor license, website, corp. database, and property addresses on Oct. 22, 2018; 0.4 hours billed by Mr. Troy at $550/hour to research DMV on Oct. 30, 2018; 3

14

hours billed by Mr. Troy at $550/hour for filing, review DMV response, and judge's individual rules between Nov. 6 – 9, 2018; 3.4 hours billed by Mr. Schweitzer at $350/hour for filing, reviewing and mailing between Nov. 13 – Dec. 7, 2018; 2.03 hours billed by Mr. Troy at $550/hour for mediations scheduling between Jan. 1 – 3, 2019; 0.25 hours billed by Mr. Troy at $550/hour for checking judge individual rules on May 30, 2019; 1.9 hours billed by Mr. Schweitzer at $350/hour for redacting and bates index on May 20, 2020, etc.)

Second, Mr. Troy undertook a lot of associate-level work but billed at an hourly rate of $550 (See e.g. 0.45 hours billed by Mr. Troy at $550/hour for simple communication with opposing counsel on Nov. 12, 2018; 2.55 hours billed by Mr. Troy at $550/hour for IPTC and reviewing of Answer on Jan. 26, 2019; 2.3 hours billed by Mr. Troy at $550/hour for preparation of mediation on February 20, 2019; 2.9 hours billed by Mr. Troy at $550/hour for emailing, filing and case management plan on May 6, 2019; 8.95 hours billed by Mr. Troy at $550/hour for MCCC on May 28, 2019; 0.43 hours billed by Mr. Troy at $550/hour for revision and emailing; 1 hours billed by Mr. Troy at $550/hour for drafting Request to Admit on Nov. 19, 2019; 1.9 hours billed by Mr. Troy at $550/hour for discovery related work between Nov. 20 – Dec. 9, 2019; and 1.8 hours billed by Mr. Troy at $550/hour for fee application, etc.).

Third, some billing entries are duplicative, suspicious and unnecessary (See e.g. four (4) client intakes on Oct. 1, 2018, May 13, 2019, Dec. 19, 2019, and May 20, 2020 for significant times for a total of 5.62 hours; review of DMV Foil response twice on Nov. 8, 2018 and Dec. 4, 2018; Mr. Schweitzer billed 1.2 hours on Nov. 26, 2018, while knowing that Defendants' Waiver of Service of Summons were forthcoming

(*See Li Aff. ¶ 4 and Exhibit A – Email dated Nov. 12, 2018*); draft damage calculation numerous times on Oct. 8, 2018, Oct. 22, 2018, Feb. 20, 2019, billing review of Rule 7.1 statements twice on the same day on Dec. 9, 2018; conferring with mediator on New Year's Day and again the next day on Jan. 2, 2019; and May 31, 2019; and confer with clients twice concerning settlement terms on Nov. 9, 2020 for a total of 1.7 hours, etc.)

        Fourth, many billing entries are grossly unreasonable for the work it purportedly covers (See e.g. 1.3 hours billed for create binder on Oct. 1, 2018; 0.5 hours billed for set up text message, WeChat and Line on Oct. 1, 2018; 1.4 hours billed for damage calculation on Oct. 8, 2018; 4.5 hours billed for a draft of run-of-the-mill complaint on Oct. 22, 2018; 1.65 hours billed for simple internet research on Oct. 22, 2018; 0.8 hours billed for review of text message on Oct. 24, 2018; 1.3 hours billed for filing on Nov. 6, 2018; 0.8 hours billed for review of DMV Foil receipt on Dec. 4, 2018; 1.5 hours billed for review Rule 7.1 Statements on Dec. 9, 2018; 0.45 hours billed for review and calendar on Jan. 3, 2019; five hours billed for attending a two-hour mediation; 1 hour billed for drafting and emailing case management plan on May 6, 2019; 1.25 hours billed for review of court order; 1 hour billed for review employee name list on Dec. 11, 2019; 1 hour billed for scanning and emailing on Jan, 20, 2020; 1.9 hours billed for redact and bates index on May, 20, 2020; and ).

        Fifth, some of the entries are highly suspicious as to its accuracy (7.15 hours billed for work on May 20, 2020 related to Defendants' discovery request despite that Defendants did not serve any discovery demand (*See Li Aff., ¶ 9*); Mr. Schweitzer, a non-mandarin speaker communicated with the client via Line and text message on Jan 20,

2020 and Jan. 31, 2020; and Mr. Schweitzer billed 4.75 hours for final pretrial order while being fully aware that an offer of judgment was forthcoming fulling making , etc.).

Therefore, we urge that 1) this Court deny attorneys' fees for all hours deemed to be clerical and administrative in nature; 2) that this Court deny attorneys' fees for all hours attributing to duplicative billing; 3) that this Court deny attorneys' fees deemed to be unnecessary and inaccurate; 4) that this Court adjusts downwards all of Mr. Troy's associate level's work at an hourly rate of $100; and 5) that this Court reduce Troy Law's billing hours by at least 60%.

Cost and Expenses are not Recoverable

Plaintiff is not entitled to reimbursement of his cost and expenses if he fails to submit adequate documentary evidence in support *Xin Long Lin*, 2019 U.S. Dist. LEXIS 74505, at *24 (See *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 2007 U.S. Dist. LEXIS 23223, at *7 (E.D.N.Y. Jan. 16, 2017)) and the cost of office supplied is not recoverable under 28 U.S.C. § 1920 (*Hogan v. Gen. Elec. Co.*, 144 F.Supp.2d 138, 144 (N.D.N.Y. 2001)).

In the instant action, the plaintiff fails to provide any documentary proof to support a recovery of all the cost and expenses, other than the index fees. In addition, the plaintiff's attempt to recovery office supplies, such as postages, envelops and printings, must be denied.

Plaintiff's Limited Success Warranting a Significant Reduction of Fees

Similar to *Barfield*, in the instant action the plaintiff's primary purpose is to certify a collective action. However, this Court only granted conditional certification for limited kitchen employees, but denied the plaintiff's motion to all front of the house employees. Moreover, there has no opt-in plaintiffs despite that the plaintiff sent out the notice at the end of 2019. Therefore, it should be undisputed that the plaintiff only achieved limited success in this action, therefore warranting a reduction of fees.

## **CONCLUSION**

The plaintiff fails to carry his burden to demonstrate that the attorneys' fees sought, together with cost and expenses, are reasonable. This is a simple and straightforward wage and hour case, which was settled before the trial. There has been limited discovery for a single plaintiff who allegedly worked at the Restaurant for little more than five (5) weeks. Needless to say, the hourly rates sought by the plaintiff is not justified. Moreover, there are numerous duplicated entries and Troy Law billed at an hourly rate of $550 for a simple task of creating a binder. Finally, there may be some ethical issues that the billing statements might have been manipulated before the submission and that Mr. Schweitzer purportedly worked on the response to Defendants' phantom discovery demand that was never served.

**WHEREFORE**, Defendants respectfully request that this Court

(1) Deny attorneys' fees for all hours deemed to be clerical in nature;

(2) Deny attorneys' fees for all hours attributing to duplicative billing;

(3) Deny attorneys' fees for work deemed to be unnecessary and inaccurate;

(4) Deny attorneys' fees attributing to the plaintiff's work opposing Defendants' 12(c) motion to dismiss on pleadings;

(5) Reduce attorneys' fees sought by 50% prior to August 30, 2019, the date of this Court's ruling on Defendants' 12(c) Motion to Dismiss on Pleadings, as a result of the dismissal of all claims against ten (10) of twelve (12) initial defendants for the plaintiff's failure to state a claim;

(6) Adjust downwards John Troy's hourly rate to $300, Aaron Schweitzer's hourly rate to $100, Leanghour Lim's hourly rate to $75/hour, Peethi Kilaru's hourly rate to $60, and Tiffany Troy's hourly rate to $50;

(7) Apply a unform 60% reduction of Troy Law's billing hours for they are duplicative, redundant, excessive, unreasonable and deceptive;

(8) Deny recovery of cost and expenses other than the index fee of $400; and

(9) Grant whatever other and further relief this Court deems just, proper and equitable.

Dated: Nassau, New York
December 8, 2020

Law Office of Z. Tan PLLC

By: /s/Bingchen Li
Bingchen Li, Esq. (BL4750)
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Tel:   (718) 886-6676
Fax:   (718) 679-9122
Email:  eric.li@ncny-law.com
*Attorney for Defendants*