UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LU WAN, individually and on behalf of others
similarly situated,

                                   Plaintiff,

- against -

YWL USA INC. d/b/a BUDDHA ASIAN BISTRO
SUSHI HIBACHI STEAK HOUSE, AI QIN
CHEN, and JANE DOE,

                                   Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 18-CV-10334 (CS)

Appearances:

John Troy
Aaron Schweitzer
Troy Law, PLLC
Flushing, New York
*Counsel for Plaintiff*

Bingchen Li
Law Office of Z. Tan PLLC
Flushing, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Plaintiff Lu Wan's motion for attorneys' fees and costs incurred in connection with the prosecution of this case. (Doc. 92.) Plaintiff requests a total of $62,675.98 ($61,174.50 in fees and $1,501.48 in costs). (*See* Doc. 93 ("Troy Decl.") ¶¶ 59-60; *id.* Ex. 1 at 9.)[1] For the following reasons, the Court awards $17,703.90 in fees and $1,491.73 in costs, for a total of $19,195.63.

---

[1] Strictly speaking, Plaintiff requests a total of $62,678.98. (Troy Decl. ¶ 61.) The Court assumes that the $3 difference is an arithmetic error. Plaintiff's counsel has previously been

I. **BACKGROUND**

On November 6, 2018, Plaintiff brought this lawsuit on behalf of himself and others similarly situated, alleging violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for failure to pay minimum wage and overtime compensation. (Doc. 1 ("Compl.") ¶¶ 1-2, 74-113.) Plaintiff originally named twelve defendants and proposed a collective action comprising all nonexempt, nonmanagerial current and former employees of all twelve defendants who were not paid their promised regular or overtime hourly rates. (*See id.* at 1-2; *id.* ¶ 64.) After an unsuccessful mediation session, (*see* Minute Entry dated Feb. 26, 2019), and a pre-motion conference, (*see* Minute Entry dated May 8, 2019), Plaintiff filed a motion for conditional class certification, (Doc. 34), and nine of the defendants cross-moved for judgment on the pleadings, (Doc. 41).[2]

On August 29, 2019, I granted the motion for judgment on the pleadings, finding that Plaintiff had failed to sufficiently allege an employer-employee relationship with the nine moving defendants. (*See* Minute Entry dated Aug. 29, 2019.) Accordingly, the only remaining claims were those alleged against YWL USA Inc. d/b/a Buddha Asian Bistro Sushi Hibachi Steak House, Ai Qin Chen, and Jane Doe (collectively, "Defendants"). (*Id.*)

In the same ruling, I conditionally certified a class of fry wok chefs, food preparers, dishwashers, and teriyaki chefs employed by YWL USA Inc., but I denied Plaintiff's request for the collective action to include other Buddha Asian Bistro restaurant locations or other types of

---

warned that "[f]ee applications are a risky place to demonstrate carelessness." *Chen v. Asian Terrace Rest., Inc.*, No. 19-CV-7313, 2020 WL 7395195, at *3 n.6 (E.D.N.Y. Dec. 17, 2020).

[2] The nine moving defendants were JWC Group Inc., Mei Lan Inc., Feng Hua Inc., 251 USA Inc., Fang Lan Inc. (all d/b/a Buddha Asian Bistro Sushi Hibachi Steak House), Cho Yi Juey Wong, Yu Wei Li, Fang Qi Li, and Suk Ang Cheung. (*See* Doc. 41.)

2

employees. (*Id.*) I also ordered Defendants to produce contact information for the conditionally certified class, and I ordered Plaintiff to submit a revised notice of pendency. (*Id.*)

As the case continued, Plaintiff and Defendants frequently missed deadlines and failed to follow the Court's orders. (*See* Doc. 66 (noting that "both parties have dropped the ball on their obligations in this case").) For example, Plaintiff submitted his revised notice of pendency two weeks late, and the notice had to be revised three times before it complied with my August 29, 2019 ruling. (*See* Docs. 45-49, 51, 55-56.) Because many of the required amendments were duplicative of the Court's previous orders and it was not clear why Plaintiff's counsel did not follow the Court's instructions, I ordered that "[s]hould there come a time when Plaintiff's counsel applies for attorney's fees, he should not include the time he billed to draft the notice of pendency correctly." (Doc. 51.) Other examples of the parties' lack of diligence include the following:

- Defendants had to be ordered three times to produce contact information for the conditionally certified class. (*See* Minute Entry dated Aug. 9, 2019; Docs. 52, 66.)
- Both sides were derelict in their discovery obligations, which required the parties to request two discovery extensions, the second of which I reluctantly granted. (*See* Docs. 57-63.)
- I had to order Plaintiff to agree to a date and time for his deposition after he failed to respond to Defendants' requests to reschedule his deposition, which he had abruptly canceled. (Docs. 70-71.)
- The parties twice requested briefing schedules for motions that they – inexplicably and without notice to the Court – never ended up filing. (*See* Minute Entry dated Mar. 12, 2020; Doc. 76; Minute Entry dated June 9, 2020.)

On the eve of trial, Plaintiff accepted Defendants' offer of judgment made pursuant to Federal Rule of Civil Procedure 68, which consisted of $15,000 plus fees, costs, and expenses to be determined by motion. (*See* Docs. 88, 88-1.) The Court set a briefing schedule, (Doc. 90), and the instant motion followed, (Doc. 92).

## II. **LEGAL STANDARD**

"Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). "Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A Rule 68 offer of judgment establishes that the plaintiff "is the prevailing party under the FLSA and the NYLL." *Black v. Nunwood, Inc.*, No. 13-CV-7207, 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015).

"Once a district court determines that a party has prevailed, it must calculate what constitutes a reasonable attorney's fee." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Where, as here, the parties "agree to a separate attorneys' fee determination that is independent of a Plaintiff's settlement amount, courts utilize the 'lodestar' method, *i.e.*, 'the product of a reasonable hourly rate and the reasonable number of hours required by the case,' to determine a presumptively reasonable attorneys' fee award." *Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

In assessing the reasonableness of attorneys' fees, courts must "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the

4

presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-CV-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). "There is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) (cleaned up).

### III.   DISCUSSION

Plaintiff requests $61,174.50 in attorneys' fees and $1,501.48 in costs. (*See* Troy Decl. ¶¶ 59-60; *id.* Ex. 1 at 9.) Defendants object to the requested fees and costs on the grounds that (1) Plaintiff did not prevail against nine of the original defendants, (Doc. 96 ("Ds' Opp.") at 10-11); (2) Plaintiff's counsel's hourly rates are unreasonable, (*id.* at 11-14); (3) Plaintiff's counsel's hours expended are unreasonable, (*id.* at 14-17); (4) Plaintiff achieved only limited success in this action, (*id.* at 18); and (5) Plaintiff failed to submit adequate documentation of his costs and cannot recover the cost of office supplies, (*id.* at 17). I address each argument in turn.

#### A.   Prevailing Party

The Rule 68 offer of judgment in this case establishes that Plaintiff is the prevailing party under the FLSA and NYLL. *See Black*, 2015 WL 1958917, at *2. Indeed, the offer of judgment explicitly contemplates that Plaintiff will be awarded "such costs, expenses, and other fees . . . as the Court may deem reasonable." (Doc. 88-1 ¶ 1.) Consequently, Plaintiff is entitled to pursue reasonable attorneys' fees and costs. *See Fisher*, 948 F.3d at 600.

Defendants contend that Plaintiff is not a prevailing party against the nine defendants who were dismissed from this case and that, as a result, Plaintiff is not entitled to fees associated with the motion for judgment on the pleadings and Plaintiff's attorneys' fees should be adjusted

downward by 50%, as well. (Ds' Opp. at 11.)[3] This argument is misplaced: the reasonableness of the hours spent opposing the dismissal of those defendants is part of the lodestar determination, not the threshold determination of whether Plaintiff is a prevailing party. Additionally, the fact that nine out of twelve defendants were dismissed speaks to the degree of success achieved in this case, not whether Plaintiff is a prevailing party, and will be considered as part of the fee determination below.

### B. Attorneys' Fees

Having determined that Plaintiff is the prevailing party and entitled to attorneys' fees, the Court will next determine the reasonable hourly rates for Plaintiff's counsel and the number of hours reasonably expended to arrive at the presumptively reasonable fee award, and then assess whether an appropriate adjustment is necessary.

#### 1. Hourly Rates

"The reasonable hourly rate is the rate a paying client would be willing to pay bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly v. City of N.Y.*, 934 F.3d 222, 231 (2d Cir. 2019) (cleaned up). When determining a reasonable hourly rate, district courts "should bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 230 (emphasis in original) (cleaned up). The *Johnson* factors are

> (1) the time and labor required; (2) the novelty and difficulty of the questions;
> (3) the level of skill required to perform the legal service properly; (4) the

---

[3] Defendants incorrectly state that ten defendants were dismissed, (*see* Ds' Opp. at 10-11, 19), despite the fact that, in their own memorandum, they list nine defendants who were dismissed, (*id.* at 10-11).

>   preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008).

Troy Law, PLLC has represented Plaintiff since the beginning of this case. (Troy Decl. ¶ 11.) John Troy, the principal of Troy Law and counsel of record for Plaintiff, has an LL.M. from Dickinson School of Law, was admitted to the New York State Bar in 1989, is the attorney of record in more than 350 wage-and-hour matters, and has written on FLSA and NYLL issues. (*Id.* ¶¶ 3, 16, 20-23.) Although John Troy was admitted to the Bar in 1989, he "has only been litigating wage cases since 2009." *Li v. Chinatown Take-Out Inc.*, No. 16-CV-7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) (cleaned up), *aff'd*, 812 F. App'x 49 (2d Cir. 2020) (summary order). Plaintiff cites cases in which John Troy was awarded $550 per hour and requests that hourly rate in this case. (Troy Decl. ¶¶ 26-27.) Defendants argue that he is entitled to a rate of $300 per hour. (Ds' Opp. at 12.)

Aaron Schweitzer, the managing associate of Troy Law, received his J.D. from Fordham University School of Law in 2016, was admitted to the New Jersey State Bar in 2017 and the New York State Bar in 2018, and has litigated over ninety-nine wage-and-hour cases in federal court. (Troy Decl. ¶¶ 28-30, 32.) He has been awarded $350 per hour in other cases and requests that hourly rate in this case. (*Id.* ¶¶ 36, 41.) Defendants argue that he is entitled to a rate of $100 per hour because of his recent admission to the Bar and status as a junior associate throughout most of this litigation. (Ds' Opp. at 12-13.)

Leanghour Lim, a former associate at Troy Law, received her J.D. from the University at Buffalo School of Law in 2018, has an LL.M. in Intellectual Property Law from the Benjamin N. Cardozo School of Law, was admitted to the New York Bar in 2019, and has appeared in over fifty cases in the Southern and Eastern Districts of New York. (Troy Decl. ¶¶ 42, 44-45.) She has been awarded $250 per hour in other cases and requests that hourly rate in this case. (*Id.* ¶¶ 46-47.) Defendants argue that she is entitled to $75 per hour because of her limited experience and the administrative nature of her work. (Ds' Opp. at 13.)

Preethis Kilaru, Troy Law's office manager, received her LL.M. from SMU Dedman School of Law in 2017. (Troy Decl. ¶ 48; Doc. 94 ("P's Mem.") at 6.) She has been awarded $200 per hour in other cases and requests that hourly rate in this case. (Troy Decl. ¶¶ 49-50, 59; P's Mem. at 6.)[4] Defendants argue that she is entitled to $60 per hour. (Ds' Opp. at 13.)

Tiffany Troy, a translator at Troy Law, has a B.A. from Columbia University and has been a New York State Unified Court System interpreter since 2019. (Troy Decl. 52-53; P's Mem. at 6.) She has been awarded $150 per hour in another case and requests that same rate in this case. (Troy Decl. ¶ 58-59; P's Mem. at 6.) Defendants argue that she is entitled to $50 per hour because of "her lack of experience and competence." (Ds' Opp. at 13.)

"[C]ourts in this District have recently determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour." *Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-CV-9507, 2020 WL 1819941, at *3 (S.D.N.Y. Apr. 9, 2020). Plaintiff's counsel argues that those were the prevailing rates "[f]ive

---

[4] Despite requesting $200 per hour for Kilaru's work in Plaintiff's memorandum of law, (P's Mem. at 6), and calculating attorneys' fees at a rate of $200 per hour for Kilaru, (Troy Decl. ¶ 59; *id.* Ex. 1), John Troy inexplicably "request[s] a rate of $150 for Ms. Kilaru's work in the present case" in his declaration, (*id.* ¶ 51). John Troy has been admonished for making this same error in other cases. *See Chen*, 2020 WL 7395195, at *3 n.6.

8

years ago" and that, "just as the New York State minimum wage has increased from $8.00 to $15.00 . . . over the past five years, the prevailing market rates and caps for partners/associates representing clients in wage-and-hour cases in the Eastern District has increased as well." (Doc. 98-2 ("P's Reply") at 2.)  I presume Plaintiff's counsel meant to say "Southern District" rather than "Eastern District"; regardless, I reject this argument for the same reason it was recently rejected by the Eastern District – namely, "the increase in the minimum wage for covered hourly workers has nothing to do with hourly rates for lawyers." *Chen*, 2020 WL 7395195, at *3.  Even though courts have approved hourly rates of $300 to $400 per hour for partners in labor and employment cases going back to 2013, "[m]ore recently, cases have continued to award experienced wage-and-hour attorneys rates between $300 and $400 per hour." *Crowhurst v. Szczucki*, No. 16-CV-182, 2019 WL 6122645, at *11 (S.D.N.Y. Nov. 19, 2019), *report and recommendation adopted*, 2020 WL 133509, at *3 (S.D.N.Y. Jan. 11, 2020) ("Courts in this district have awarded experienced wage-and-hour attorneys rates between $300 and $400 per hour.").  As for associates, "rates in excess of $225.00 per hour are reserved for FLSA litigators with more than three years' experience," while "associates with one to three years of experience have been awarded rates ranging from $150 to $200 per hour."  *Li*, 2019 WL 3715086, at *6 (cleaned up).

The standard paralegal rate in this district is $75 per hour, "unless it has been shown that the paralegal has specialized skills." *Knox v. John Varvatos Enters. Inc.*, No. 17-CV-772, 2021 WL 608345, at *6 (S.D.N.Y. Feb. 17, 2021), *appeal filed*, No. 21-446 (2d Cir. Feb. 24, 2021); *see Garcia-Severino v. TDL Restoration, Inc.*, No. 18-CV-11401, 2020 WL 7239678, at *2 (S.D.N.Y. Dec. 9, 2020) ("While $75 is the rate commonly awarded in this District for paralegal time spent on wage-and-hour cases, some courts have awarded between $100 and $125, and

9

others have found a higher rate appropriate for paralegals who also serve as translators.") (cleaned up); *Vargas Garcia v. Park*, No. 18-CV-10650, 2019 WL 6117596, at *5 (S.D.N.Y. Nov. 18, 2019) (awarding $100 per hour for the services of a "translator/paralegal").  "Courts in this District have awarded between $50 and $150 for interpreter or translator services."  *Lin*, 2020 WL 1819941, at *6; *see Lora v. J. V. Car Wash, LTC.*, No. 11-CV-9010, 2015 WL 4496847, at *17 (S.D.N.Y. July 24, 2015) (collecting cases awarding rates between $50 per hour and $125 per hour for translation and interpretation work), *report and recommendation adopted*, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015).

While the higher rates requested by Plaintiff's counsel have been awarded to them before, those rates were unopposed and awarded in the context of a default judgment.  *See Hu v. 226 Wild Ginger Inc.*, No. 17-CV-10161, 2020 WL 6324090, at *8 (S.D.N.Y. Oct. 7, 2020) (without citing any cases, awarding $550 per hour for John Troy, $350 per hour for Schweitzer, $250 per hour for Lim, $200 per hour for Kilaru, and $150 per hour for Tiffany Troy in a default judgment), *report and recommendation adopted*, 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020). By contrast, courts that have thoroughly scrutinized Troy Law's requests for fees have awarded lower rates.  *See Lin*, 2020 WL 1819941, at *3-6 (after collecting cases and analyzing the quality of representation, awarding $325 per hour for John Troy, $125 per hour for Schweitzer, $70 per hour for Kilaru, and $50 per hour for Tiffany Troy); *Li*, 2019 WL 3715086, at *6-7 (after collecting cases and analyzing attorneys' experience and quality of representation, awarding $300 per hour for John Troy and $150 per hour for Schweitzer).

Bearing in mind all of the case-specific variables identified by the Second Circuit and other courts, including the *Johnson* factors, Plaintiff's requested hourly rates are unreasonable. This was a straightforward case, yet Plaintiff's counsel consistently failed to demonstrate the

level of skill required to perform even simple legal services properly. The scope of the collective action that Plaintiff proposed for conditional certification was significantly narrowed because of inadequate pleading. Plaintiff's counsel missed deadlines and repeatedly failed to follow the Court's instructions. And Plaintiff's paper submissions were plagued by careless errors, many of which were clearly the result of copying and pasting from submissions in other cases without revision. A reasonable paying client would not be willing to pay $550 per hour to John Troy, $350 per hour to Schweitzer, $250 per hour to Lim, $200 per hour to Kilaru, or $150 per hour to Tiffany Troy, for this quality of work.

Based on the Court's familiarity with attorneys' fees in FLSA and NYLL cases in this district, the facts in the record, and the relevant caselaw, the Court finds the following hourly rates appropriate: $325 per hour for John Troy, $175 per hour for Schweitzer, $125 per hour for Lim, $75 per hour for Kilaru, and $75 per hour for Tiffany Troy. *See Knox*, 2021 WL 608345, at *6; *Garcia-Severino*, 2020 WL 7239678, at *2; *Lin*, 2020 WL 1819941, at *3-6; *Li*, 2019 WL 3715086, at *6-7; *Lora*, 2015 WL 4496847, at *17.

### 2. Hours Expended

"After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee." *Villanueva v. 179 Third Ave. Rest Inc.*, No. 16-CV-8782, 2020 WL 8671938, at *15 (S.D.N.Y. Sept. 3, 2020). "District courts reviewing fee petitions must exclude hours that are excessive, redundant, or otherwise unnecessary, allowing only those hours that are reasonably expended." *Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017) (summary order) (cleaned up); *see Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court

11

should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."). "In so doing, 'the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 175 (S.D.N.Y. 2018) (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)). "A party seeking attorney's fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." *Id.* at 173.

"A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application, and the Supreme Court has been careful to note that only those hours reasonably expended are to be awarded." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (cleaned up). "For example, in this district, courts have applied percentage reductions to hours worked on a simple legal question, block billing, hours worked for limited success at trial, vague or inconsistent time entries, and unnecessary or inefficient hours worked." *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374-75 (S.D.N.Y. 2019) (cleaned up) (collecting cases). Further, "district courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks." *Lilly*, 934 F.3d at 234.

Defendants argue that Plaintiff's counsel has billed for excessive, redundant, or otherwise unnecessary hours, as well as for clerical or administrative tasks at attorney rates. (Ds' Opp. at 14-17.)  Examples of tasks performed by counsel that could have been performed by a clerical person or a paralegal include John Troy spending 1.3 hours creating a binder and setting up a database, Schweitzer spending 0.5 hours setting up instant messaging threads with Plaintiff, and

Lim spending 0.2 hours emailing to confirm deposition times. (Troy Decl. Ex. 1 at 1-2, 5.) Such tasks should not have been billed at all or, at most, should have been billed at a paralegal rate. *See Wright v. City of N.Y.*, 283 F. Supp. 3d 98, 106-07 (S.D.N.Y. 2017); *Tucker v. City of N.Y.*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010). Examples of grossly excessive billing – to the point where fabrication cannot be ruled out – include John Troy billing 0.5 hours to file a consent form and 0.5 hours to file a request for the issuance of a summons, (Troy Decl. Ex. 1 at 1); Schweitzer billing 0.8 hours to review what appears to be a one-paragraph Freedom of Information Law response, (*id.* Ex. 1 at 2; *see* Doc. 98-1 at 1-2); Schweitzer billing 1.5 hours to review six one-page Federal Rule of Civil Procedure 7.1 Statements that all stated that the entity had no corporate parent, (Troy Decl. Ex. 1 at 2; *see* Docs. 19-24); Lim billing 0.25 hours to email a court reporter, (Troy Decl. Ex. 1 at 6); and Kilaru billing 0.5 hours to confirm the stenographer for a deposition, (*id.*). Plaintiff's counsel also billed for time spent revising the notice of pendency, which they were explicitly instructed not to do. (*See id.* at 4; Doc. 51.) Further, Plaintiff's counsel did not respond to Defendants' counsel's representation that John Troy billed five hours for attending a mediation, (Troy Decl. Ex. 1 at 2), that in fact lasted less than two hours, (Ds' Opp. at 7; Doc. 97 ¶ 5). Additionally, Kilaru billed for "'purely clerical or secretarial tasks,'" which "'should not be billed at a paralegal rate, regardless of who performs them,'" *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018) (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989)), such as the hour she spent scanning and emailing deposition exhibits, (Troy Decl. Ex. 1 at 6); *see Siegel v. Bloomberg L.P.*, No. 13-CV-1351, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("With respect to tasks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, such work is generally not compensable, whether performed by an attorney or a paralegal.").

The Court agrees that overall, Plaintiff's counsel improperly billed at attorney rates for numerous tasks that are administrative in nature or should have been performed by a paralegal, and also billed for excessive or otherwise unnecessary hours. Because the precise number of unreasonable hours is difficult to quantify, the Court finds it appropriate to employ an across-the-board percentage reduction, guided by the principle of rough justice. *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 661 (S.D.N.Y. 2019). Based on my familiarity with the case, I find that 5% of the total hours billed by John Troy, Schweitzer, and Lim should be billed at $75 (the hourly rate appropriate for paralegal work) and that 40% of the total hours billed by John Troy, Schweitzer, Lim, and Kilaru should be trimmed as excessive or otherwise unnecessary.

Defendants also contend that Plaintiff is not entitled to attorneys' fees for time spent opposing the motion for judgment on the pleadings. (Ds' Opp. at 11.) Plaintiff does not address this argument in his reply. "Hours spent on unsuccessful fee-shifting claims, like those spent on claims wholly ineligible for fee-shifting, must be excluded from the reasonable hours spent on the case when calculating the lodestar." *Millea*, 658 F.3d at 168. "Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Quaratino*, 166 F.3d at 425 (cleaned up).

Here, Defendants were allegedly directly liable under the FLSA and NYLL, but Plaintiff pursued alternative theories of liability against the defendants who moved for judgment on the pleadings – *i.e.*, the joint-employer and single-integrated-enterprise theories. (*See* Doc. 44 at 4-8.) These unsuccessful theories of liability did not share a common core of facts with the claims on which Plaintiff prevailed, because Plaintiff failed to allege any substantive facts against the nine defendants who were dismissed from the case, relying only on conclusory boilerplate.

14

Accordingly, the Court finds that the claims involved in the motion for judgment on the pleadings were not inextricably intertwined with the claims on which Plaintiff prevailed and that the hours spent litigating the unsuccessful claims should be excluded. Because the hours spent opposing the motion for judgment on the pleadings are easily identifiable, the Court will exclude the 7.83 hours that Schweitzer spent opposing the motion, (*see* Troy Decl. Ex. 1 at 4), rather than apply an across-the-board percentage cut. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 13, 29-30 (S.D.N.Y. 2015). I will subtract them from the reasonable number of hours Schweitzer billed at an attorney rate because this task was neither administrative nor a task that should have been performed by a paralegal, nor is 7.83 hours an excessive amount of time to spend opposing a motion for judgment on the pleadings, and therefore none of these hours are included in the percentage reductions I have already made.

### 3. Lodestar Calculation

Multiplying the reasonable hourly rates by the number of hours reasonably expended, the Court determines that the presumptively reasonable fee is $17,703.90 based on the following calculations:

- John Troy: $240.83 for paralegal work (5% of the 64.22 hours he billed, at a rate of $75 per hour) and $11,479.33 for attorney work (the 64.22 hours he billed, minus the 5% paralegal work and the 40% excessive or unnecessary hours, at a rate of $325 per hour) for a total of $11,720.15.

- Schweitzer: $240.41 for paralegal work (5% of the 64.11 hours he billed) and $4800.34 for attorney work (the 64.11 hours he billed, minus the 5% paralegal work and the 40% excessive or unnecessary hours and the 7.83 hours he spent opposing the

motion for judgment on the pleadings, at a rate of $175 per hour) for a total of $5,040.75.

- Lim: $16.50 for paralegal work (5% of the 4.4 hours she billed) and $302.50 for attorney work (the 4.4 hours she billed, minus the 5% paralegal work and the 40% excessive or unnecessary hours, at a rate of $125 per hour) for a total of $319.

- Kilaru: $436.50 (the 9.7 hours she billed, minus the 40% excessive or unnecessary hours, at a rate of $75 per hour).

- Tiffany Troy: $187.50 (the 2.5 hours she billed at a rate of $75 per hour).

### 4. Appropriate Adjustment

After calculating the presumptively reasonable fee using the lodestar method, "a district court may, in extraordinary circumstances, adjust the presumptively reasonable fee when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Lilly*, 934 F.3d at 230 (cleaned up). Defendants argue that Plaintiff's attorneys' fees should be adjusted downward by 50% because nine of the initial defendants were dismissed, and that the fees should be further reduced by an unspecified amount because Plaintiff "only achieved limited success in this action, therefore warranting a reduction of fees." (Ds' Opp. at 18; *see id.* at 11.) Specifically, Defendants point out that the Court granted conditional certification for only certain types of employees, none of whom have opted in as plaintiffs in this action. (*Id.* at 18.)

A district court "has discretion to reduce the lodestar to reflect the degree of success achieved." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014). But "litigation outcomes are only relevant to fee award calculations when they are a direct result of the quality of the attorney's performance," which factors into the original lodestar calculation when determining

16

the attorney's reasonable hourly rate. *Millea*, 658 F.3d at 168; *see Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3 (listing "the results obtained" among the *Johnson* factors used to determine an attorney's reasonable hourly rate). I have already considered the quality of Plaintiff's counsel's performance when I set their reasonable hourly rates, and I have already excluded the hours that Plaintiff's counsel spent opposing the motion for judgment on the pleadings. Moreover, the fact that no additional plaintiffs opted in is beyond counsel's control and not a reason to reduce a fee award. *See Gonzalez*, 112 F. Supp. 3d at 14. Mindful that "[f]actors that are already subsumed in the lodestar calculation cannot be used to enhance or cut the lodestar amount," *Lilly*, 934 F.3d at 231, I decline to adjust the presumptively reasonable fee.

### C.   Costs

Plaintiff seeks to recover out-of-pocket expenses totaling $1,501.48. (Troy Decl. ¶ 60; *id.* Ex. 1 at 9.) "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (cleaned up). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Id.* Office supplies that "are part of general office overhead and thus already compensated for through attorneys' fees" are not reimbursable costs. *Tatum v. City of N.Y.*, No. 06-CV-4290, 2010 WL 334975, at *13 (S.D.N.Y. Jan. 28, 2010).

Defendants argue that Plaintiff failed to submit adequate documentary evidence and that office supplies such as postage, envelopes, and printing are not recoverable expenses. (Ds' Opp. at 17.) Although Plaintiff failed to include any documentation of costs in his initial application, Plaintiff cured this problem in his reply. (*See* Doc. 98-1.) And although Defendants characterize postage and printing as unreimbursable "office supplies," (Ds' Opp. at 17), such outlays "are the

sort of expenses that may ordinarily be recovered as part of a fee award." *Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012) (summary order) (cleaned up); *see Bhungalia Fam., LLC v. Agarwal*, 317 F. Supp. 3d 727, 745 (S.D.N.Y. 2018) ("Costs for shipping, filing fees, process servers, and litigation support are recoverable."); *Themis Cap. v. Democratic Republic of Congo*, No. 09-CV-1652, 2014 WL 4379100, at *12 (S.D.N.Y. Sept. 4, 2014) (reimbursing plaintiffs for making copies and ordering transcripts, along with costs associated with translators and interpreters).

Envelopes, however, "are more akin to general office overhead and therefore are not reimbursable." *Payne v. Kirkland*, No. 14-CV-7098, 2017 WL 5952707, at *6 (S.D.N.Y. Nov. 30, 2017) (cleaned up) (declining to award costs for storage boxes and photo paper). Likewise, "[c]ourts in this Circuit generally decline to award costs for binders and other exhibit-related supplies." *Tatum*, 2010 WL 334975, at *13; *accord Medina v. Buther*, No. 15-CV-1955, 2019 WL 4370239, at *23 (S.D.N.Y. Sept. 12, 2019). *But see H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, No. 13-CV-4441, 2018 WL 4017698, at *12-13 (S.D.N.Y. July 25, 2018) (finding that costs for "office supplies, such as binders for courtesy copies to the court," are "generally considered recoverable"), *report and recommendation adopted*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018). Accordingly, the Court will deduct $9.75 in envelope and binder expenses, (*see* Troy Decl. Ex. 1 at 9), from the requested amount.

Other than the envelope and binder expenses, Plaintiff's proposed costs are reasonable and adequately documented, and are awarded in the amount of $1,491.73.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's application for attorneys' fees and costs is GRANTED in part. The requested fee award of $61,174.50 is reduced to $17,703.90. I also

award $1,491.73 in costs. Accordingly, the total award of fees and costs is $19,195.63. Judgment will be entered in a separate order. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 92.)

**SO ORDERED.**

Dated: May 12, 2021
       White Plains, New York

                                             CATHY SEIBEL, U.S.D.J.